Pun v. Barr

BIA
Christensen, IJ
A206 478 898

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty.

PRESENT:
> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> *Circuit Judges.*

_____

KAPIL PUN,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-174
NAC

_____

FOR PETITIONER: Dilli Raj Bhatta, Bhatta Law & Associates, PLLC, New York, NY.

FOR RESPONDENT: Ethan P. Davis, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Brett F. Kinney, Attorney; Karen M. Sams, Law Clerk, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kapil Pun, a native and citizen of Nepal, seeks review of a December 26, 2017, decision of the BIA affirming a May 31, 2017, decision of an Immigration Judge ("IJ") denying Pun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kapil Pun,* No. A 206 478 898 (B.I.A. Dec. 26, 2017), *aff'g* No. A 206 478 898 (Immig. Ct. N.Y. City May 31, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as the agency's final order. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review adverse credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the

2

demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The Government argues Pun failed to exhaust his specific arguments on appeal to the BIA and thus forfeited his right to challenge some of the agency's findings here. *See Brito v. Mukasey*, 521 F.3d 160, 164 (2d Cir. 2008). We need not reach that issue, however, as even assuming his arguments are not forefeited, substantial evidence supports the IJ's adverse credibility determination.

The IJ reasonably relied on Pun's differing accounts of his alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Pun omitted from his written statement that Maoists attempted to abduct him by forcing him into a van; and the IJ did not

3

err in relying on the omission given Pun's inclusion of less serious telephonic kidnapping threats. *See Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks and citation omitted)). Pun's explanation that he did not remember the details of the attack because it occurred more than four years before the hearing did not compellingly explain this omission because his written statement was prepared a year earlier. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

4

The IJ also reasonably concluded that Pun's statements conflicted with letters from his friends and father because each provided different accounts of how, when, and with whom Pun received medical treatment following the attack. The IJ was not compelled to accept Pun's explanation—mutual forgetfulness resulting from the passage of time—which did not resolve the inconsistencies. *See Majidi*, 430 F.3d at 80. Though we do not require petitioners to recall the aftermath of an alleged attack in precise detail, *Hong Fei Gao*, 891 F.3d at 80, the agency may, as here, "draw an adverse inference from [a petitioner's] failure to recall the particulars of what happened" after a "profound" event, *Tu Lin v. Gonzales*, 446 F.3d 395, 403 (2d Cir. 2006).

Similarly, Pun's testimony and written statement were internally inconsistent regarding when he joined the Nepali Student Union ("NSU") and contradicted his witnesses' statements as to his level of involvement with the group. The IJ reasonably relied on these discrepancies because Pun's affiliation with the group was the alleged reason he was targeted by the Maoists. *See Xian Tuan Ye*, 446 F.3d at 295. Moreover, the IJ was not required to accept Pun's explanation for these inconsistencies, which largely parsed his

5

witnesses' use of words like "organize" and "active" and failed to explain why his witnesses characterized him as a group leader when Pun disclaimed a leadership role. *See Majidi*, 430 F.3d at 80.

The IJ reasonably concluded that Pun's lack of familiarity with his own evidence further undermined his credibility. Pun could not identify a request for security from the Nepali government filed on his behalf, which was also inconsistent with his testimony that he did not report the attack to the authorities, or an NSU letter attesting to his membership. *See id.* Moreover, given the lack of familiarity with his documentary evidence, the inconsistencies between Pun's statements and the evidence, and the fact that the authors were not available for cross examination, Pun's evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of

6

the weight to be afforded an applicant's documentary evidence.").

Given the inconsistencies and the lack of reliable corroboration, the "totality of the circumstances" supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). This determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

7